Peter C. Catalanotti (SBN 230743)
peter.catalanotti@wilsonelser.com
Audrey Tam (SBN 305437)
audrey.tam@wilsonelser.com
Inna Nytochka (SBN 354560)
inna.nytochka@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
655 Montgomery Street, Suite 900
San Francisco, CA  94111
Telephone:     (415) 433-0990
Facsimile:      (415) 434-1370

Attorneys for Defendant,
Farva Jafri, Mykola Ishchuk, and Esmeralda Famutimi

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KLEIN, <br><br> Plaintiff, <br><br> v. <br><br> FARVA JAFRI, JAFRI LAW FIRM, MYKOLA ISHCHUK, ESMERALDA FAMUTIMI, and DOES 1-20, , <br><br> Defendants. | Case No.:     24-cv-03265-WHO <br><br> *ASSIGNED FOR ALL PUPOSES TO: HON. WILLIAM H. ORRICK* <br><br> **DEFENDANTS FARVA JAFRI, MYKOLA ISHCHUK, AND ESMERALDA FAMUTIMI'S NOTICE OF MOTION AND <u>MOTION TO STRIKE</u> PORTIONS OF THE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *[Filed concurrently with Motion to Dismiss the Complaint for Lack of Personal Jurisdiction (FRCP 12(b)(2).]* <br><br> Date: November 20, 2024 <br> Time: 2:00 pm PST <br> Dept.: Floor 17, Courtroom 2 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on November 20, 2024 at 2:00 pm, or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled court, located at Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Farva Jafri, Mykola Ishchuk, and Esmeralda Famutimi (collectively, "Defendants") will move the court to strike portions of Plaintiff David Klein's ("Plaintiff") First Amended Complaint ("FAC") pursuant to FRCP 12(f), on the grounds that Plaintiff's claim for emotional distress damages is redundant, immaterial, impertinent, and improper.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers field herein.

Dated: October 15, 2024

                                                            WILSON, ELSER, MOSKOWITZ,
                                                            EDELMAN & DICKER LLP

By: _____
Peter C. Catalanotti
Audrey Tam
Inna Nytochka
Attorneys for Defendant,
Farva Jafri, Mykola Ishchuk, and Esmeralda Famutimi

## MOTION TO STRIKE

Defendants Farva Jafri, Mykola Ishchuk, and Esmeralda Famutimi (collectively, "Defendants") hereby move the court to strike portions of Plaintiff David Klein's ("Plaintiff") First Amended Complaint ("FAC") pursuant to FRCP 12(f), as follows:

**Paragraph 53:** KLEIN was extremely distressed and upset by being subject to the huge award of fees that defendants' actions, in failing to follow his explicit instructions, caused him.

**Prayer No. 2:** General damages for emotional distress only on the second count.

This Motion is made on the grounds that under FRCP 12(f), the FAC contains redundant, immaterial, impertinent, or scandalous matters, and the portions of the pleading to be stricken are not drawn or filed in conformity with the laws of California, Federal Rules of Civil Procedure, a court rule, or an order of the court. Plaintiff has not pled any facts that support his request for emotional distress damages against Defendants.

Dated: October 15, 2024

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Peter C. Catalanotti
Audrey Tam
Inna Nytochka
Attorneys for Defendant,
Farva Jafri, Mykola Ishchuk, and Esmeralda Famutimi

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Introduction

On March 4, 2024, David Klein ("Plaintiff") filed a Complaint against Farva Jafri, Mykola Ishchuk, and Esmeralda Famutimi (collectively, "Defendants"), among others, for Legal Malpractice and Breach of Fiduciary Duty in San Mateo County Superior Court, Case No. 24-CIV-01370 ("CA Lawsuit"). On the same day, Plaintiff filed a Complaint with identical allegations against identical defendants in the United States District Court for the Southern District of New York, Case No. 1:24-cv-01649-AT ("NY Lawsuit"). The NY Lawsuit alleges diversity of citizenship, pursuant to 28 USC 1332(a).

Plaintiff claims damages stemming from Defendant's alleged legal representation of Plaintiff in a defamation lawsuit that Plaintiff brought against Jelly Belly Candy Co. ("JBCC"), that was first filed in New York State Court but ultimately resulted in a judgement rendered by the Eastern California District Court against Plaintiff ("Defamation Lawsuit").

On May 30, 2024, Defendant filed a Notice of Removal of this case to the US District Court for Northern District of California. On September 24, 2024, Plaintiff filed the operative First Amended Complaint (FAC) following this court's granting of Defendant Mykola Ishchuk's 12(b)(6) motion to dismiss with leave to amend.

Plaintiff's claim for emotional damages is improper and should be stricken from the FAC because California law does not support recovery of emotional distress damages in a legal malpractice action where the loss is purely economic.

Accordingly, Defendants' Motion to Strike should be granted without leave to amend.

### 2. Background

The following facts are taken directly from Plaintiff's Complaint.

**a. New York State Court**

In April 2022, Plaintiff and Defendant Frava Jafri ("Jafri") allegedly entered into an agreement in which Jafri would pursue Plaintiff's claims against JBCC on Plaintiff's behalf. The Complaint alleges that this is a violation of New York law. (FAC ¶7.)

On May 23, 2022, Plaintiff filed a lawsuit in New York state court. The FAC alleges that

the case should have been filed in Massachusetts. (FAC ¶ 8.) The lawsuit alleged three defamatory statements that caused Plaintiff damage, but two of these were beyond the statute of limitations under NY law, and the third was not actionable because it was true. (FAC ¶ 9.)

### b. Federal Court (Southern District of NY)

JBCC removed the case to the United States District Court for the Southern District of NY based on diversity jurisdiction. (FAC ¶ 10.) The JBCC filed a motion to dismiss for failure to state a claim. (FAC ¶ 12.) Jafri did not oppose the motion, but asked the federal court for permission to dismiss the case and refile in Massachusetts. (FAC ¶ 13.)

### c. MA State Court and MA Federal Court

On October 25, 2022, JBCC removed the Massachusetts state court case to the federal court in Massachusetts. On November 1, 2022, JBCC filed a motion to transfer the case to the Eastern District of California or, in the alternative, to dismiss the case. (FAC ¶ 17.) On December 30, 2022, the court granted the motion because Plaintiff did not oppose the motion and JBCC is incorporated and headquartered in CA. (FAC ¶ 20.) After confusion over whether Plaintiff was served with the motion, the court vacated the order. The court then reentered its order on January 3, 2023 and the case was transferred to the Eastern District of CA on January 6, 2023. (FAC ¶ 24.)

### d. Federal Court (Eastern District of CA)

On August 26, 2022, JBCC filed a declaratory relief action against Plaintiff in the Eastern District of California, seeking declaratory relief regarding the same subject matter as brought in Plaintiff's defamation case ("Declaratory Relief Case." (FAC ¶ 44.) Defendant Ishchuk appeared *pro hac vice* and represented Plaintiff in this action. (FAC ¶ 48.)

On January 20, 2023, JBCC filed an Anti-SLAPP motion. On February 3, 2023, Plaintiff, in pro per, filed an opposition. On March 7, 2023, the Anti-SLAPP motion was granted and all of Plaintiff's claims were dismissed without leave to amend.

Plaintiff alleges that Defendants continued to advise Plaintiff after the case was transferred to California. Plaintiff alleges that all the letters and oppositions in the case were ghostwritten by Defendants. (FAC ¶¶ 26-39.) Plaintiff's claimed damages include the monetary

1  judgement obtained by JBCC against Plaintiff for attorney's fees, and alleged emotional
2  distress. (FAC 16:12-17.)

3  **3. Legal Analysis**

4  **a. Standard for Motion to Strike**

5  A pleading is subject to a motion to strike if it contains "insufficient defense or any
6  redundant, immaterial, impertinent, or scandalous matter." (FRCP 12(f).) A motion to strike has
7  also been deemed appropriate if it "will make trial less complicated or eliminate serious risks of
8  prejudice to the moving party, delay, or confusion of the issues." (*Sliger v. Prospect Mortg.,*
9  *LLC* (ED CA 2011) 789 F..2d 1212, 1216.) The function of a Rule 12(f) motion is "to avoid the
10 expenditure of time and money that must arise from litigating spurious issues by dispensing
11 with those issues prior to trial." (*Whittlestone, Inc. v. Handi-Craft Co.* (9th Cir. 2010) 618 F.3d
12 970, 973; *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.* (6th Cir.
13 2015) 783 F.3d 1045, 1050.)

14 The grounds for a motion to strike must appear on the face of the pleading under attack,
15 or from matters that the court may judicially notice (e.g., the court's own files or records). (*SEC*
16 *v. Sands* (CD CA 1995) 902 F.Supp. 1149, 1165 (citing text); *Amini Innovation Corp. v.*
17 *McFerran Home Furnishings, Inc.* (CD CA 2014) 301 FRD 487, 489-490 & fn. 1 – judicial
18 notice of related case appropriate in ruling on motion.)

19 **b. Plaintiff's claim for emotional distress damages is improper.**

20 Generally, an attorney's ordinary negligence in rendering professional services will not
21 support recovery of emotional distress damages where the misconduct only causes the client
22 economic loss or property damage. This is so whether the alleged malpractice occurs in a
23 litigation or nonlitigation context. (*Merenda v. Sup.Ct. (Diamond)* (1992) 3 CA4th 1, 10
24 (disapproved on other grounds by *Ferguson v. Lieff, Cabraser, Heimann & Bernstein* (2003) 30
25 C4th 1037, 1045); *see Camenisch v. Sup.Ct. (Burns)* (1996) 44 CA4th 1689, 1697 (client
26 allegedly suffered emotional distress upon learning attorney's negligence may have thwarted
27 client's tax avoidance goals).)
28

6
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FAC; AND MEMORANDUM OF
POINTS AND AUTHORITIES

1  The recovery of damages for emotional distress in a legal malpractice case turns on the nature of plaintiff's interest which is harmed and not merely on the reprehensibility of the defendant's conduct. (See *Holliday v. Jones* (1989) 215 Cal. App. 3d 102, 119 [malpractice caused a criminal conviction and imprisonment].) The interest protected is typically economic, as in the loss of damages or the imposition of damages.

Whether recovery of damages for emotional distress attributable to legal malpractice should be allowed must be considered in light of the primary interest protected by the duty to avoid malpractice. (See *Holliday v. Jones*, *supra*, 215 Cal. App. 3d at 119.) Where the interest of the client is economic, serious emotional distress is not an inevitable consequence of the loss of money and the precedents run strongly against recovery. For these reasons the issue is not resolved in plaintiff's favor simply because she has pleaded an otherwise actionable claim of legal malpractice. (*Camenisch v. Superior Court* (1996) 44 Cal. App. 4th 1689, 1695.)

Plaintiff alleges emotional distress damages for the Breach of Fiduciary Duty claim. (FAC ¶ 51-53.) Plaintiff alleges that he was "extremely distressed and upset by being subject to the huge award of fees that defendants' actions, in failing to follow his explicit instructions, caused him. (FAC ¶53.) These instructions allegedly included that "whatever steps they took after dismissing the New York action, […Defendant should] make sure that whatever action is taken won't give [JBCC] the right to make [Plaintiff] responsible for [the JBCC's] legal fees." (FAC ¶ 14.) In fact, other than the emotional distress damages, Plaintiff's sole damages are the sum of the judgement entered against Plaintiff in the underlying Defamation Lawsuit. (FAC Prayer ¶ 1.) The damages are clearly <u>only economic</u>.

As the courts have stated, where the interest of the client is economic, serious emotional distress is not an inevitable consequence of the loss of money. (*Camenisch, supra,* 44 Cal. App. 4th at 1695.) Here, Plaintiff has failed to plead any facts to show that his damages are anything more than purely economic, and that the interest which was jeopardized by the alleged malpractice is the type that would warrant an award for emotional distress damages.

1    Additionally, a demand for emotional distress damages is prejudicial to Defendants. It is
2 evident that Plaintiff's alleged instructions to Defendants concerned the outcome for the
3 Defamation Lawsuit, not specific actions that Plaintiff wanted his attorneys to take. In other
4 words, the instruction to, "make sure that whatever action is taken won't give [JBCC] the right
5 to make [Plaintiff] responsible for [the JBCC's] legal fees" is a demand about the outcome of
6 the Defamation Lawsuit – that it not result in an adverse judgement against Plaintiff. However,
7 it is unreasonable to impose liability for breach of fiduciary duty merely because the outcome of
8 a case was not as Plaintiff would have wished – if that were the case, then half of all lawsuits
9 would result in malpractice lawsuits. Plaintiff's claim for emotional distress as a result of an
10 unfavorable judgment entered because Plaintiff's own pursuit of a case is unreasonable.
11   Therefore, Plaintiff's prayer for emotional distress damages is improper and should be
12 stricken from the Complaint.

### 4. Conclusion

14   For the foregoing reasons, the Court should grant Defendants' Motion to Strike pursuant
15 to FRCP 12(f).

Respectfully submitted,

Dated: October 15, 2024

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Inna Nytochka
Peter C. Catalanotti
Audrey Tam
Inna Nytochka
Attorneys for Defendant,
Farva Jafri, Mykola Ishchuk, and Esmeralda Famutimi

**PROOF OF SERVICE**

*David Klein v. Farva Jafri, et al.*
Northern District of California Court Case No.: 24-cv-03265-WHO

At the time of service I was over 18 years of age and not a party to this action. I am employed by Wilson, Elser, Moskowitz, Edelman & Dicker LLP in the County of San Francisco, State of California. My business address is 655 Montgomery Street, Suite 900, San Francisco, California 94111. My business Facsimile number is (415) 434-1370. On this date I served the following document(s):

**DEFENDANTS FARVA JAFRI, MYKOLA ISHCHUK, AND ESMERALDA FAMUTIMI'S NOTICE OF MOTION AND <u>MOTION TO STRIKE</u> PORTIONS OF THE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☐ : By United States Mail. I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ : **BY ECF** - Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on October 15, 2024, I caused the documents to be served by email or via the Court's ECF.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on October 15, 2024, at San Francisco, California.

*/s/ Inna Nytochka*
Inna Nytochka

**SERVICE LIST**

*David Klein v. Farva Jafri, et al.*
Northern District of California Court Case No.:  24-cv-03265-WHO

| | |
|---|---|
| Carlos Jato, Esq<br>LAW OFFICE OF CARLOS JATO<br>819 Eddy St<br>San Francisco CA, 94109<br>T: (415) 771-6174<br>F: (415) 474-3748<br>E: cgjato@jato-law.com<br><br>***Attorney for Plaintiff David Klein*** | |