UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KLEIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FARVA JAFRI, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-03265-WHO<br><br>**ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**<br><br>Re: Dkt. Nos. 68, 69, 70 |

In my Order Denying Motion to Dismiss, Denying Motion to Strike and Questioning Venue, Dkt. No. 67 (Prior Order), I explained that while plaintiff David Klein had shown that this court *does* have personal jurisdiction over the defendants, it was not apparent that the matter should be venued in the Northern District of California, where none of the parties live and where none of the events giving rise to litigation occurred. After briefing, the parties have agreed that transfer to the United States District Court for the Southern District of New York, where an identical case is already proceeding, is appropriate. I agree.

## BACKGROUND

This action involves malpractice claims brought by plaintiff David Klein against his former lawyers, defendants Farva Jafri, Mykola Ishchuk, and the Jafri Law Firm (collectively, "the defendants"). The defendants represented Klein in two New York lawsuits involving Klein and the Jelly Belly Candy Company ("Jelly Belly"). They ceased being Klein's attorneys of record when one of the New York cases was transferred to the United States District Court for the Eastern District of California, but they continued to provide him with (unlicensed) legal representation even after they officially withdrew. Klein sued the defendants for malpractice in the Superior Court of California, County of San Mateo, and Ishchuk removed the case here.

1  After Ishchuk removed the case, the defendants moved to dismiss this action for lack of personal jurisdiction. But because they directed their actions toward California, and because other factors weighed in favor of this court exercising personal jurisdiction, I denied their motion. *See* Prior Order.

In their motion to dismiss, defendants asked that if I did not dismiss the case, I transfer it to the United States District Court for the Southern District of New York, where an identical case (filed the same day as this case) is proceeding. *See* Dkt. No. 42 (Motion to Dismiss). Before deciding whether to grant their request, I asked the parties for further briefing on the issue of venue.

Klein initially wanted this matter to either stay in this court or else be transferred to the United States District Court for the Eastern District of California. *See* Dkt. No. 68 (Klein Venue Brief). The defendants' responsive brief persuasively argued that the case be litigated in the Southern District of New York. *See* Dkt. No. 69 (Jafri Venue Brief). Klein now agrees, through counsel, that he "has no objection to the case proceeding in New York." Dkt. No. 70 (Klein Response).

**LEGAL STANDARD**

Under 28 U.S.C. § 1404, a district court "[f]or the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C.A. § 1404(a); *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013). A transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court sua sponte, so long as the parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)). The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge*, FBL–585, 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)).

In determining whether transfer is appropriate in a particular case, courts consider factors

such as (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *Decker Coal Co.*, 805 F.2d at 843; *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1167 (S.D. Cal. 2005).

## DISCUSSION

The argument for transferring this case to New York is straightforward.  New York is where the antecedent to this case began.  It is where the defendants practice law.  It is where Klein filed an identical, ongoing suit.  And now Klein agrees.

Before, Klein pointed out that this court has already analyzed the personal jurisdiction issues in this case and is familiar with its facts.  Klein Venue Brief, 4-5.  He also discussed how the Eastern District of California is familiar with *some* of the issues implicated in this case because Jelly Belly's case against Klein is proceeding there and because of the Eastern District's familiarity with the lawsuit that gave rise to Klein's claims in this case (the defendants allegedly provided him with unofficial representation after the case was transferred from New York to California).  I agree that both the Eastern District and this court would be perfectly able to manage his case, but New York is the better venue.

The general rule is that a plaintiff's choice of forum is afforded substantial weight.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1047 (N.D. Cal. 2001).  But "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint."  *Carolina Cas. Co.*, 158 F. Supp. 2d at 1048 (internal citations omitted).  If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference.  *Id.*

Klein is not a resident of this district—he is a resident of Florida. And the actions giving rise to this case did not occur in this district. As such, his choice of venue here is afforded little deference.

With respect to what forum's law applies to this case, the answer is mixed. Based on the nature of his claims, both California and New York law may be implicated. But the relationship that was formed between Klein and the defendants in their capacity as his legal team arose out of a New York contract, that Klein argues was "in clear violation of New York Law." First Amended Complaint ("FAC") ¶ 7. Most of the decisions that the defendants made in the course of representing Klein that he now challenges through this lawsuit were undertaken in New York. And the agreement governing their relationship was entered into in New York.

The parties' contact with New York also favors transfer. The defendants work (or worked) for a New York law firm, which represented Klein. Klein retained a New York law firm. He also filed an identical case in New York. Clearly, the parties are willing and able to litigate in New York. And the defendants want this case to proceed in New York, where an identical case is already underway.

For these reasons, this action is transferred to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**

Dated: April 7, 2025

William H. Orrick
United States District Judge